**Zahoor Ahmad KHAN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–71281.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 13, 2009.*

Filed Jan. 22, 2009.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Douglas E. Ginsburg, Lyle Jentzer, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

■■■■■■■■■

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: O'SCANNLAIN, BYBEE, and CALLAHAN, Circuit Judges.

### MEMORANDUM **

Zahoor Ahmad Khan, a native and citizen of Pakistan, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"), and denying his motion to remand to apply for adjustment of status. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility finding, *Rivera v. Mukasey,* 508 F.3d 1271, 1274 (9th Cir.2007), and for abuse of discretion the denial of a motion to remand. *Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003). We deny the petition for review.

Substantial evidence supports the IJ's adverse credibility finding where there were numerous inconsistencies between Khan's testimony about his two arrests and the police reports of those incidents. *See Goel v. Gonzales,* 490 F.3d 735, 739 (9th Cir.2007) (inconsistencies between testimony and documentary evidence support an adverse credibility finding where inconsistencies go to the heart of the claim).

Because Khan has not met the lower standard of eligibility for asylum, he is not entitled to withholding of removal. *See Mansour v. Ashcroft,* 390 F.3d 667, 673 (9th Cir.2004).

Because Khan's CAT claim is based on the same testimony as his asylum claim, his CAT claim also fails. *See Farah v. Ashcroft,* 348 F.3d 1153, 1157 (9th Cir. 2003).

The BIA did not abuse its discretion in denying Khan's motion to remand. *See* 8 C.F.R. § 1003.2(c)(1) (requiring a motion based on an application for relief to be accompanied by the appropriate application and supporting documentation); *see also Malhi,* 336 F.3d at 994 (upholding denial of motion to remand to adjust status where movant failed to make out a prima facie case of eligibility for relief).

Khan's remaining contentions lack merit.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

